UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PETER HOFFMAN, Regional Director of Region 34 of the National Labor Relations Board, for and on behalf of the National Labor Relations Board,<br>   Petitioner,<br><br>   v.<br><br>THE PARKSITE GROUP,<br>   Respondent. | CIVIL ACTION NO.<br>3:08cv1043 (SRU) |

**PRELIMINARY INJUNCTION ORDER**

  Petitioner Peter Hoffman, Regional Director of Region 34 of the National Labor Relations Board, seeks injunctive relief pursuant to Section 10(j) of the National Labor Relations Act ("the Act"), 29 U.S.C. § 160(j), pending the final disposition of its unfair labor practices suit against Respondent, The Parksite Group ("the Respondent"), before the National Labor Relations Board ("the Board"). Upon notice to Respondent and its counsel, and in consideration of the petition, the administrative record, the papers filed concerning the petition and the arguments of counsel, and having found reasonable cause to believe Respondent violated Sections (8)(a)(1), (3), and (5) of the Act, 29 U.S.C. § 158(a)(1), (3), and (5), and having found that injunctive relief is just and proper it is hereby:

  ORDERED that the application by Petitioner for an injunction pursuant to Section 10(j) of the Act against Respondent is granted, and it is further

  ORDERED that the Respondent, its successors and assigns, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, pending the final disposition of the matters involved herein pending before the Board, are enjoined and restrained from:

A. failing and refusing to recognize and bargain collectively with the Union as the exclusive collective bargaining representative of employees in the bargaining unit at the South Windsor facility;

B. refusing to hire employees at the South Windsor facility because of their union activities;

C. interrogating employees about their union activities;

D. unilaterally changing employees' terms and conditions of employment without first notifying the Union and providing it an opportunity to bargain over said changes; and

E. in any like or related manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act; and it is further

ORDERED that the Respondent shall:

A. recognize, and upon request, bargain in good faith with the union as the exclusive collective bargaining representative of its employees at the South Windsor facility;

B. within five (5) days of this Court's order, offer employment in writing to Brian Barber, Michael Beaulieu, Andrew Burleigh, Doug Davis, Benny Ingenito, Joe Moyles, Evernard "Robbie" Roberts, Eustaquoi "Jay" Rodriguez, Jack Teske, and Ivan Vasquez, to the positions they previously held at the South Windsor facility while employed by Ryder, displacing, if necessary, any other hired or reassigned employees, and in the event an insufficient number of positions exist to accommodate all the discriminatees, establish a preferential hiring list for such

employees, and offer, in a nondiscriminatory manner, priority employment exclusively from that list as job openings occur;

C. upon the Union's request, rescind any and all changes to unit employees' terms and conditions of employment that have been implemented since January 1, 2008, and notify and bargain with the Union before making any future changes in the terms and conditions of employment of the Unit;

D. post copies of this Court's Ruling and this Order at the South Windsor facility where notices to employees are customarily posted; said postings shall be maintained free from all obstructions and defacements; and agents of the Board shall be granted reasonable access to the South Windsor facility to monitor compliance with this posting requirement;

E. within fourteen (14) days of the issuance of this Order, file with this Court, and submit a copy to the Regional Director of Region 34 of the Board, a sworn affidavit from a responsible Respondent official, stating with specificity the manner in which Respondent has complied with this Order, including the exact locations where Respondent has posted the required documents.

It is so ordered.

Dated at Bridgeport, Connecticut, this 16th day of January 2009.

                                                  /s/ Stefan R. Underhill
                                                  Stefan R. Underhill
                                                  United States District Judge